IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY HUA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| US BANK NATIONAL ASSOCIATION, | : | NO. 14-6767 |
| FEDERMAN & ASSOCIATES LLC, NATION | : | |
| STAR MORTGAGE and KML LAW GROUP | : | |
| P.C. | : | |

### MEMORANDUM OPINION

**Savage, J.**                                                                                                  **March 11, 2015**

In deciding the defendants' motions to dismiss, we must determine whether the *Rooker-Feldman* doctrine bars this action brought under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"). We conclude that it does because to grant relief would require us to review and reject the state court foreclosure judgment. Therefore, we shall grant the defendants' motions to dismiss.

The *pro se* plaintiff, Tracy Hua ("Hua"), claims that the defendants U.S. Bank National Association ("US Bank"), Federman & Associates, LLC ("Federman"), Nationstar Mortgage, LLC ("Nationstar") and KML Law Group, P.C. ("KML") violated the FDCPA in attempting to collect on a judgment entered in a mortgage foreclosure action in state court. In her complaint, Hua alleges that the defendants violated the FDCPA by failing to send her verification of her debt; attempting to collect a debt when they had no standing because they are not parties to the mortgage agreement; attempting to collect fees, such as attorney's fees and interest, that are not allowed by the mortgage loan's terms; falsely asserting that value was paid for the assignment of the mortgage loan;

falsely claiming in correspondence that they are debt collectors as opposed to creditors; and misrepresenting the character, amount and legal status of the debt.[1]  She seeks damages for loss of the value of the property, damages for emotional distress and statutory damages.

Defendants Federman and KML have moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  They contend that Hua's complaint is barred by the *Rooker-Feldman* doctrine and fails to state a claim for relief under the FDCPA.  They also argue that the debt was a commercial debt, not a consumer debt.  Defendants Nationstar and US Bank, in addition to raising the *Rooker-Feldman* doctrine, argue that Hua's claims are time-barred and precluded under the doctrine of *res judicata.*

## Procedural History

On April 24, 2012, US Bank, as trustee for certificate holders of LXS 2007-7N Trust Fund, filed a mortgage foreclosure action against Tracy Hua and her husband, Chi Hung Mu, in the Philadelphia Court of Common Pleas to foreclose on the property located at 550 Van Kirk Street, Philadelphia, PA 19120.[2]  While the action was pending, on January 14, 2013, Hua's mortgage was assigned to another investment trust, Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-7N ("Lehman XS"), with US Bank acting as trustee.[3]  On February 7, 2013, Federman entered its

---

[1] Compl. ¶¶ 43, 51, 56-60, 64-65, 69-70, 74-76.

[2] Compl. ¶ 21 & Ex. G (Notice of Sheriff's Sale).

[3] Compl. ¶ 13 & Ex. B (Assignment).

appearance on behalf of US Bank.[4]  On May 28, 2013, Lehman XS was substituted as the plaintiff.[5]

On July 2, 2014, after a trial at which Hua was represented by counsel,[6] the state court entered a foreclosure judgment and a money judgment in the amount of $135,815.70 against Hua and Mu.[7]  On October 29, 2014, a KML attorney entered her appearance on behalf of Lehman XS.[8]  The following day, the prothonotary issued a writ of execution.[9]  About three weeks later, on November 20, 2014, KML sent Hua a Notice of Sheriff's Sale of Real Property scheduled for February 3, 2015.[10]  Six days later, on November 26, 2014, Hua filed this action.

On January 6, 2015, during the pendency of this action, Hua filed a motion in state court to strike the pleadings in the foreclosure action.[11]  The motion was denied on February 3, 2015.[12]

## The Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine bars a federal court from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments

---

[4] *See US Bank NA vs. Hua et al.*, Docket No. 120402922 (Phila. Ct. Comm. Pleas).

[5] Compl. ¶ 22; *see US Bank NA vs. Hua et al.*, Docket No. 120402922 (Phila. Ct. Comm. Pleas).

[6] *See US Bank NA vs. Hua et al.*, Docket No. 120402922 (Phila. Ct. Comm. Pleas).

[7] Compl. ¶ 25; KML Mot. to Dismiss Ex. B (Judgment) (Doc. No. 6-1); *see US Bank NA vs. Hua et al.*, Docket No. 120402922 (Phila. Ct. Comm. Pleas).

[8] *See US Bank NA vs. Hua et al.*, Docket No. 120402922 (Phila. Ct. Comm. Pleas).

[9] *See id.*

[10] Compl. ¶ 29 & Ex. G (Notice of Sheriff's Sale).

[11] *See U.S. Bank NA vs. Hua et al.*, Docket No. 120402922 (Phila. Ct. Comm. Pleas).

[12] *See id.*

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  In short, a federal district court lacks subject matter jurisdiction over an action in the nature of an appeal seeking to reverse a state court decision.

The doctrine is narrowly applied.  *Exxon Mobil*, 544 U.S. at 292.  It is not implicated "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293.  It does not apply when the federal plaintiff asserts an independent claim, even one that contradicts the state court's legal conclusions. *Id.*

The *Rooker-Feldman* doctrine applies only where: (1) the plaintiff in the federal action lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the judgment was entered before the federal action was filed; and (4) the plaintiff seeks federal review and rejection of the state court judgment. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil*, 544 U.S. at 284).  Factors two and four have been characterized as substantive; and one and three, procedural.  *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).  The procedural posture will rarely be at issue.  *See id.* at 89.  The factors that typically drive the inquiry are two and four, the substantive ones. They are key to determining whether a federal suit brought by a state court loser is barred by the doctrine or presents a non-barred independent claim. *Id.* at 85-87.

Here, factors one and three are satisfied.  Hua lost in the state court action and the judgment was entered before she filed this action.  Hence, we consider whether her

4

complaint seeks a remedy for an injury caused by the state court's judgment and, relatedly, whether her complaint is essentially a request for us to review and reject that judgment.

When determining whether the plaintiff complains of an injury caused by a state court judgment, the critical task is to determine whether she is attacking the state court judgment or challenging the defendant's conduct in obtaining it. In other words, we must focus on the source of the plaintiff's injury. In doing so, we look beyond the plaintiff's characterization of her claims. *See Hoblock*, 422 F.3d at 86. We must discern whether an action cast as a complaint of third party conduct is actually a complaint of an injury "produced by a state court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Great Western*, 615 F.3d at 167 (citing *Hoblock*, 422 F.3d at 88).

The question is – was the source of the injury the defendants' conduct or the state court judgment. If it was the defendants' actions, the federal suit is an independent claim that is not barred by the *Rooker-Feldman* doctrine, and is, instead, subject to state law principles of preclusion. *Exxon Mobil*, 544 U.S. at 293.

Here, Hua alleges that the defendants engaged in multiple violations of the FDCPA. She states that the defendants, despite her request, have not sent her proof of the alleged debt;[13] US Bank has no right to collect the debt because it is not a party to her loan agreement;[14] the defendants are trying to collect charges such as attorney's fees, late charges, interest and escrow deficit charges that are not permitted by the

---

[13] *See* 15 U.S.C. § 1692(g)(b).

[14] *See id.* § 1692(e)(10).

agreement;[15] the defendants have falsely claimed that her loan was assigned;[16] the defendants have falsely claimed that they are debt collectors as opposed to creditors;[17] and the defendants have misrepresented the character, amount and legal status of the debt.[18] Hua specifically points to a notice of sheriff's sale sent to her as an example of the defendants' alleged improper debt collection efforts.[19]

In essence, Hua challenges the validity of the state court judgment. She contends the defendants had no right to foreclose on her property. She attacks the validity of the debt and disputes the amount of the debt, issues that were decided in state court. Casting her action as one under the FDCPA does not make it one. Instead, it is an action that complains of an injury caused by the state court's mortgage foreclosure judgment. *See Laychock v. Wells Fargo Home Mortg.*, 399 F. App'x 716, 718 (3d Cir. 2010).

To grant Hua relief, we would have to reject the state court judgment. After a trial, judgment was entered against her. The state court determined that the mortgage was in default and assessed the amount owed. *See Laychock v. Wells Fargo Home Mortg.*, Civ. A. No. 07-4478, 2008 WL 2890962, at *3 (E.D. Pa. July 23, 2008)) (citing *Cunningham v. McWilliams*, 714 A.2d 1054, 1056-57 (Pa. Super. 1998)). It also concluded that the mortgage was valid and the plaintiff, Lehman XS, with US Bank as trustee, had the right to foreclose on the mortgage. *Id.* (citation omitted); Pa. R. Civ. P.

---

[15] *See id.* § 1692(f)(1).

[16] *See id.* § 1692(e)(12).

[17] *See id.* § 1692(j).

[18] *See id.* § 1692(e)(2)(A).

[19] Compl. ¶ 29 & Ex. G (Notice of Sheriff's Sale).

1147 (listing Pennsylvania's pleading requirements for a foreclosure complaint); *In re Randall*, 358 B.R. 145, 158 (Bankr. E.D. Pa. 2006).

We cannot review the state court judgment. Nor can we reject it. Therefore, because the *Rooker-Feldman* doctrine bars this action seeking relief from the effect of the state court judgment, we shall grant the motions to dismiss.